This is a suit for the disbarment of an attorney at law. The defendant, Charles J. Mundy, obtained a rule on the members of the Committee on Professional Ethics and Grievances, and on Scott E. Beer, who was appointed commissioner to take the testimony, to show by what authority in law, or by what constitutional provision, they are proceeding with the suit, and to show cause why it should not be dismissed.
Mr. Mundy contends that there is no authority in law, in the Constitution or in any statute of the state, authorizing the court to have a Committee on Professional Ethics and *Page 1091 
Grievances, to bring disbarment suits, as provided for in section 8 of rule 18 of the Rules of Court, 171 La. xix. He contends that the court has no authority to appoint a commissioner to hear the testimony and report his findings to the court. In the alternative, Mr. Mundy contends that, if the court ever had authority to adopt and enforce such a rule as rule 18, the authority was abrogated by the provisions of Act No. 10 of the Second Extra Session of 1934. Hence he prays that rule 18 be declared invalid, that the committee and the commissioner cease functioning, and that this suit be dismissed.
Answering the rule, the members of the committee and the commissioner direct our attention to section 10 of article 7 of the Constitution, which provides:
"It [the Supreme Court] shall have exclusive original jurisdiction in all disbarment cases involving misconduct of members of the bar, with the power to suspend or disbar under such rules as may be adopted by the court," etc.
The language of the Constitution, therefore, leaves no doubt that this court has "exclusive original jurisdiction in all disbarment cases * * * under such rules as may be adopted by the court."
The provisions of Act No. 10 of the Second Extra Session of 1934, which refer to disbarment and misconduct of members of the bar, are in sections 25, 26, 27, and 28; but we do not find in these sections, or elsewhere in the statute, any provision attempting or purporting to interfere with the Supreme Court's jurisdiction or authority in the premises. There is, therefore, no occasion now to consider *Page 1092 
the alternative question, whether the statute is violative of the Constitution.
The authority of the court to appoint a commissioner to take the testimony and to report his findings to the court, in disbarment suits, was challenged, and was upheld, in the disbarment suit entitled In re Heard, 174 La. 563, 141 So. 60, and again in the disbarment suit entitled In re Fourchy,175 La. 628, 143 So. 714. Fourchy appealed to the Supreme Court of the United States, but the appeal was dismissed for want of jurisdiction. See Paul L. Fourchy, Appellant, v. Charles F. Fletchinger, Chairman and Attorney, Disbarment Committee, Supreme Court of Louisiana, 288 U.S. 589, 53 S. Ct. 387, 77 L. Ed. 968.
The relief prayed for by the plaintiff in this rule is denied, and the rule is dismissed.